STATE OF NORTH CAROLINA v. RONALD L. SUMMERLIN

No. 778SC750

(Filed 7 March 1978)

**1. Searches and Seizures § 11— warrantless search of vehicle**

A warrantless search of a vehicle capable of movement out of the location or jurisdiction may be conducted by officers when they have probable cause to search and exigent circumstances make it impracticable to secure a search warrant.

**2. Searches and Seizures § 11— warrantless search of vehicle—probable cause—exigent circumstances**

Air Force security policemen had probable cause to search defendant's car for marijuana where defendant, a civilian, offered to sell marijuana to an off-duty security policeman on the air base and showed him marijuana in defendant's car, and the off-duty policeman relayed this information in detail to the officers who conducted the search, and exigent circumstances justified a search of defendant's car without a warrant since defendant most certainly would have attempted to flee the boundaries of the base and to destroy the marijuana if he discovered that he was being observed by base authorities.

APPEAL by defendant from *Browning, Judge.* Judgment entered 17 May 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 18 January 1978.

Defendant was indicted for felonious possession of marijuana. Prior to his arraignment, defendant moved to suppress evidence obtained from a search of his automobile. At this time, a voir dire hearing was held, and the undisputed material facts elicited from the State's witnesses tended to show the following:

On 13 December 1976, Airman Metz, an off-duty member of the Air Force Security Police at Seymour Johnson Air Force Base, was approached by defendant at a recreation center on the base. Defendant asked Metz if he would like to buy "an ounce". Metz replied in the negative, and defendant repeated the question, to which Metz replied yes, but that he would have to call a friend to get the money. Metz asked to inspect that which defendant proposed to sell to him. Defendant took Metz to his car at the rear of the recreation center and the two of them got into the front seat. Defendant showed Metz a large white baggie containing four or five ounces of marijuana in separate, smaller plastic bags. Metz told defendant "he had a deal" and that he (Metz) would have to go and call his friend to get some money. Metz and defendant returned to the recreation center.

Metz next contacted the security desk and talked to an Airman Steinour, relating to him these occurrences. The information was relayed by Steinour to Security Policeman Doherty. Sgt. Doherty went to the recreation center and met with Metz who again related the details and pointed out the defendant to Sgt. Doherty. Sgt. Doherty then went outside to defendant's car and looked through the back window, seeing a blue denim jacket on the back seat. Sgt. Doherty contacted Sgt. Forsythe, a Security Police Investigator, met him outside of the recreation center, and related the details of the situation to him. Sgt. Forsythe went inside the recreation center and contacted Metz, who again related the details of the case. Sgt. Forsythe then telephoned the base commander, Col. Brimm, explained to him the situation, and requested authorization to search defendant's vehicle. Col. Brimm gave verbal authorization for the search at that time.

At some point thereafter, Metz returned with defendant to the car, at which time Sgt. Forsythe and Sgt. Doherty approached the car, told defendant they had an authorization from the base commander to search the car, and proceeded to conduct the search. They removed the denim jacket and found therein the white plastic bag containing the marijuana.

Later in the evening following the search, Sgt. Forsythe caused to be prepared a written authorization to search defendant's vehicle, which was signed the next morning by Col. Brimm.

Certain Air Force Regulations governing search and seizure were tendered by the State for the court's consideration on voir dire.

Defendant presented no evidence at the hearing. At the close of the State's evidence, the trial court made findings of fact, concluded that "the search, pursuant to Air Force Regulations, was not unreasonable and is constitutionally permissible under the Fourth Amendment of the Constitution of the United States and the Constitution of the State of North Carolina" and that "the search does not violate the general statutes of North Carolina in that the general statutes permit constitutionally permissible searches and seizures under North Carolina General Statute 15A-231." The trial court therefore denied defendant's motion to suppress. Defendant elected to enter a plea of guilty to the charge contained in the indictment and to appeal from the denial of his motion to suppress, pursuant to G.S. 15A-979(b).

*Attorney General Edmisten, by Assistant Attorney General Acie L. Ward, for the State.*

*Hulse and Hulse, by Herbert B. Hulse, for defendant appellant.*

MORRIS, Judge.

As a preliminary matter, we note that the record does not indicate that defendant's pretrial motion to suppress was made in writing and served upon the State, as required by G.S. 15A-977. This omission was not raised by the State at the hearing in superior court or before this Court and no question with respect to it is before us. We simply take this opportunity to call to the attention of the practicing bar the procedural requirements of the Criminal Procedure Act. G.S. Chapter 15A.

Defendant brings forth three assignments of error in a single argument, to wit: that the search of defendant's car was unconstitutional and in contravention of the North Carolina General Statutes in that the verbal authorization to search issued by the base commander was based upon unsworn and hearsay information, thus the search was conducted without a valid search warrant; and that there were no exigent circumstances to justify a warrantless search of defendant's automobile. We disagree.

For the purposes of this opinion, we will consider the search in question to have been a warrantless search, since no warrant was issued by anyone authorized to issue warrants under G.S. 15A-243. We need not consider whether there was a proper warrant issued by military authorities for a search by military personnel of a vehicle on a military base.

G.S. 15A-231 provides as follows:

"Constitutionally permissible searches and seizures which are not regulated by the General Statutes of North Carolina are not prohibited."

Warrantless searches of automobiles and seizures of contraband therefrom without consent are not *per se* regulated by the North Carolina General Statutes. If the warrantless search and seizure in the instant case was constitutionally permissible, it must necessarily pass muster under G.S. 15A-231.

[1] No citation is necessary for the well-recognized principle that, as a general rule, a valid search warrant must accompany every search or seizure. However, there are several exceptions to this general rule. One such exception, applicable to this case, is that a warrantless search of a vehicle capable of movement out of the location or jurisdiction may be conducted by officers when they have probable cause to search and exigent circumstances make it impracticable to secure a search warrant. *Carroll v. U.S.*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280, 39 A.L.R. 790 (1925); *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975, *reh. den.* 400 U.S. 856, 27 L.Ed. 2d 94, 91 S.Ct. 23 (1970); *State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1973).

[2] Defendant argues that there were no exigent circumstances sufficient to justify a warrantless search of his automobile in that the Security Policemen on the scene had no reason to believe defendant was about to drive the car away, and the opportunity to search was not fleeting. Defendant argues that the instant case is governed by *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. den.* 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971). *Coolidge*, however, is distinguishable. In that case, the defendant, Coolidge, knew that he was a suspect, had been cooperative with police during the investigation, and had had ample opportunity to destroy any incriminating evidence

in his car. There was no suggestion that, on the night of the search, the car was being used for any illegal purpose, and it was regularly parked in defendant's driveway. There was no indication that Coolidge meant to flee. Also, the objects sought by police were neither stolen nor contraband nor dangerous. On these facts, the Court felt that the opportunity to search was hardly "fleeting".

In the instant case, common sense dictates that defendant, a civilian at what was evidently a public area on a military base, would have attempted to flee the boundaries of the base had he realized that he was being observed by base authorities. Assuming the existence of probable cause, the object of the search was contraband and the car was being used for an illegal purpose at the time of the search. Given the opportunity, defendant most certainly would have attempted to destroy the marijuana. Given all of these circumstances, we hold that, due to the exigent circumstances, the warrantless search and seizure in question was not unreasonable if based on probable cause.

Defendant does not attempt to argue that probable cause to search was lacking in this case. The crime, possession of marijuana, was committed in the presence of a Security Policeman, Metz, who had received training in the recognition of marijuana. Metz relayed in detail his observations to his superiors. This information, which was the basis for the search conducted by them, clearly constituted probable cause for the search and seizure.

The trial judge correctly denied defendant's motion to suppress.

Affirmed.

Judges CLARK and MITCHELL concur.